811 F.2d 603
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Anthony R. ADOLF, Petitioner-Appellant,
v.
WARDEN, AND STAFF OF the FEDERAL CORRECTIONAL INSTITUTION,
LEXINGTON, KENTUCKY, Respondents-Appellees.
 No. 86-5809.
 United States Court of Appeals, Sixth Circuit.
 Dec. 15, 1986.
 
 Before KRUPANSKY, NELSON and RYAN, Circuit Judges.
 
 ORDER
 
 1
 The petitioner moves for bail on appeal from the district court's order denying his petition for a writ of habeas corpus. The respondent has filed a response to the motion. This appeal has been referred to a panel of the Court pursuant to Rule 9(a), Rules of the Sixth Circuit. After an examination of the record and the briefs, this panel agrees unanimously that oral argument is not needed. Rule 34(a), Federal Rules of Appellate Procedure.
 
 
 2
 The petitioner is a prisoner at the Federal Correctional Institution in Lexington, Kentucky. He was granted a furlough to take a bus to the Federal Prison Camp in Marion, Illinois. While at the bus station, he purchased vodka and became intoxicated. The bus driver refused to allow him on the bus, and he was subsequently arrested by local police for public intoxication.
 
 
 3
 After he was returned to the prison, the disciplinary board charged him with and found him guilty of escape. His punishment was revocation of sixty days good time credit. The petition alleges that it was improper for the prison authorities to charge him with escape. It also alleges due process violations in the hearing procedure.
 
 
 4
 The district court denied the petition, holding that the administrative remedies had not been exhausted, that the escape charge was proper, and that the due process requirements had been met. In view of our disposition of this case on the merits, we decline to address the exhaustion issue. We do agree with the district court's conclusion that 28 C.F.R. Sec. 570.37 authorizes an escape charge on these facts. Moreover, the application for a furlough signed by the petitioner gives notice that such disciplinary action could occur.
 
 
 5
 In his brief, the petitioner argues that the language in subsections (a) and (b) of the regulation prevents such a charge. However, this language applies only to the remedy which the prison officials may impose. It is the first sentence in the regulation which controls this case and which indicates that the escape charge was proper.
 
 
 6
 The district court held that the due process requirements for disciplinary hearings were met in this case. Wolff, Warden v. McDonnell, 418 U.S. 539, 563-64 (1974). We also agree with this conclusion of the district court.
 
 
 7
 The motion for bail is denied. The order of the district court is affirmed under Rule 9(d)(3), Rules of the Sixth Circuit, because the issues are not substantial and do not require oral argument.